# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**RICHARD JEFFERSON,**

    **Plaintiff,**

v.                                                 **Civil Action No. 1:05CV27**
                                                         **(Judge Stamp)**

**UNITED STATES JUSTICE DEPARTMENT:**
**ALBERTO GONZALEZ; JOHN ASHCROFT;**
**MICHAEL CHERTOFF; GLENN FINE;**
**BUREAU OF PRISONS: HARLEY G. LAPPIN;**
**KIM WHYTE; FCI GILMER: KEVIN WENDT;**
**JIM HILL; MCLOUD; ARNOLD; BEASLEY; KOWALCZYK; WEIDMAN; and**
**UNKNOWN SEGREGATION HOUSING UNIT OFFCIERS,**

    **Defendants.**

## REPORT AND RECOMMENDATION/OPINION

### I. PROCEDURAL HISTORY

On February 4, 2005, the plaintiff, Richard Jefferson, an inmate at FCI - Gilmer, Glenville, West Virginia, filed a *pro se* Motion for Injunctive and Temporary Restraining Order. The motion was filed as a complaint pursuant to Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

On March 15, 2005, the plaintiff filed a motion to amend and supplemental pleadings. On that same day, the plaintiff filed a document titled Class Action Complaint for Damages which has been filed as an amended complaint in which he states that in addition to bringing his action pursuant to Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), he

is bringing his action under 42 U.S.C.A. §1981, 18 U.S.C. §§241 and 242, Sec 2000bb-1(c) and 42 U.S.C. §1985(3).

By Order entered on September 16, 2005, the Court ordered the plaintiff to advise it whether he was part of the "Class of Muslims" to which he refers in his complaint and whether he had exhausted his administrative remedies. On September 28, 2005, the plaintiff filed a document which was deemed a motion of extension of time to file.

## II. PLAINTIFF'S CONTENTIONS

The plaintiff alleges that he is acting on behalf of Muslims at FCI-Gilmer who have been denied their First Amendment right to free exercise of religion without discrimination by the defendants who have conspired to violate their rights.

The plaintiff asserts that the defendants have "a policy and custom of retaliatory process against a particular class of Muslims."

According to the plaintiff, the defendants have placed approximately 30 Muslims in the segregation housing unit for praying in their cell, just like any other religious group, and even though Muslims in other units were not present or aware of this alleged violation those Muslims were punished as well, segregated for simply being of the Islamic faith, beaten and threatened to be transferred.

The plaintiff states that the defendants have suppressed "certain pillows of Islamic Faith by 1) forcing a religious service provider's doctrinal belief upon incarcerated Muslims; 2) defendant(s) enforce when, where, and how the Muslims Class should pray, 3) denied the only two holiday feasts for Muslims; 4) forcing the Class Muslims to internet video fees for unconventional Jumu'ah prayer services, 5) enforcing upon the Class the themes and topics satisfied by defendant(s), and 6) taking

2

away Nobel Qur'ans and other books of guidance." (Complaint ¶13).

The plaintiff further asserts that from October 15-November 16, 2004, the defendants denied the Eid-al-Fitr (feast after Ramadan fast). Also, on or about December 22, 2004, Muslims were harassed for "praying early morning" and taken to 24 hour holding cells and were punished without due process. The plaintiff also asserts that on January 31, 2005, a couple of Muslims who were praying in their cells were threatened, intimidated and placed in SHU. He also asserts that "Class of Muslims were punished if they ate anything hot off the salad bar or purchased items off of commissary, which is the closest thing to Halal meals (for Muslims) and are being discriminated upon, not being able to have diets strictly for Muslims." (Doc. #8 at 9). He further asserts that Muslims are allowed one hour per week of religious services while other religious groups receive 3 or more hours and that the Muslim's Jama'ah prayers are supervised by a female staff member.

The plaintiff further asserts that the defendants have "delayed responses to remedies and/or tampered with legal mail, gaining an unjust sighting of incoming and outgoing legal mail, thereby, having heads-up to retaliate against prisoners." The plaintiff further states that a prisoner of Islamic faith had his hand broken after being beaten by correctional officers. The plaintiff fears that prison officials will kill Muslims "because of their belief or to instigate individuals to fight back, in defense for their life, in order to have an excuse to punish all the Muslims at once."

The plaintiff seeks a temporary restraining order and/or preliminary injunction (1) "to release those prisoners placed in segregation for no just cause except that they are of Islamic Faith"; (2) that defendants "refrain from punishing prisoners because of their religious belief , when the religious acts do not impose a threat towards the U.S. Government nor the smooth running of this institution, and does not warrant random lock-up in (S.H.U.)"; (3) that the defendants be prevented

3

from sanctioning witnesses in this action and (4) the defendants be "prevented from seizing prisoners because of their particular religious faith and refrain from tampering with their legal mail." He also seeks monetary damages.

This matter is pending before me for initial review and report and recommendation pursuant to LR PL P 83.02. Having screened the plaintiff's complaint in accord with the local rules of this Court and in accord with the provisions of 28 U.S.C.§ § 1915(e) and 1915A,[1] the undersigned recommends that the complaint be dismissed because the plaintiff has failed to exhaust his administrative remedies and because he has no standing to bring this action on behalf of other individuals or to represent a class of muslims.

### III. MOTION TO AMEND

Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." "In the absence of any apparent or

---

[1] 28 U.S.C. §1915A provides, in pertinent part, that:
(a) Screening.–The court shall review...a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) Grounds for dismissal.–On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. §1915(e)(2)(B) states:
Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . .
    (B) the action or appeal-
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance to the amendment, futility of amendment, etc. -- the leave sought should, as the rule requires, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962). See also Sandcrest Outpatient Services, P.A. v. Cumberland County Hosp. System, Inc., 853 F.2d 1139, 1148 (4th Cir. 1988).  However, the court has the discretion to either grant or deny the motion to amend.  Foman, 371 U.S. at 182.

The undersigned recommends that the motion to amend be granted.

## IV. ANALYSIS

1. **Standing**

The plaintiff does not have standing to asserts claims on behalf of other prisoners in the above-captioned case.  See Laird v. Tatum, 408 U.S. 1 (1972).  See also Valley Forge Christian College v. Americans United for Separation of Church & State, 454 U.S. 464, 482 (1982) and Hummer v. Dalton, 657 F.2d 621, 625-626 (4th Cir. 1981)(a prisoner cannot act as a "knight-errant" for others.)  Thus, to the extent the plaintiff is attempting to raise claims on behalf of other inmates, those allegations should be disregarded as the plaintiff has no standing to bring a claim on behalf of another person.

**2. Class action**

The Federal Rules of Civil Procedure sets forth the minimum requirements for the maintenance of a class action as follows:

a) Prerequisites to a Class Action.  One or more members of a class may sue or be

> sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a)

An action must satisfy all four of the prerequisites set forth by this subsection of Rule 23. Stott v. Haworth, 916 F.2d 134 (4th Cir. 1990). A *pro se* litigant can not represent a class. Oxendine v. Williams, 509 F. 2d 1405 (4th Cir. 1975). Therefore, I recommend that the plaintiff's request for class certification be denied.

**3. Exhaustion**

A Bivens action like an action under 42 U.S.C. §1983, is subject to exhaustion of administrative remedies as required by the Prison Litigation Reform Act (PLRA). Porter v. Nussle, 534 U.S. 516, 524 (2002).

Under the PLRA, a prisoner bringing an action "with respect to prison conditions" under 42 U.S.C. §1983 must first exhaust all available administrative remedies. 42 U.S.C. §1997e. Exhaustion as provided in §1997e(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). While the phrase "with respect to prison conditions" is not defined in 42 U.S.C. §1997e, the Supreme Court has determined that the "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516 (2002). Moreover, exhaustion is even required when the relief the prisoner seeks, such as monetary damages, is not available. Booth 532 U.S. at 741. Additionally, district courts should enforce the exhaustion requirement sua sponte if not raised by the defendant. Brown v. Toombs, 139 F.3d 1102

(6th Cir.), cert. denied, 525 U.S. 833 (1998).

The Fourth Circuit has determined that the PLRA does not require a prisoner to allege that he has exhausted his administrative remedies. Anderson v. XYZ Correctional Health Services, 407 F.3d 674 (4th Cir. 2005). The Fourth Circuit further found that exhaustion is an affirmative defense, but that a district court may dismiss the complaint where the failure to exhaust is apparent from the face of the complaint or that the court may inquire "on its own motion into whether the inmate exhausted all administrative remedies." Id. 683.

The actions of the defendants constitutes actions "with respect to prison conditions" within the meaning of the PLRA and the requirement of exhaustion of administrative remedies applies to those actions and the alleged effects of those actions.

In Gibbs v. Bureau of Prison Office, FCI, 986 F.Supp. 941, 943-44 (D.Md. 1997), the court explained that 28 C.F.R. § 542 mandates a four-step administrative process beginning with attempted informal resolution with prison staff. (BP-8). If the prisoner achieves no satisfaction informally, he must file a written complaint with the warden (BP-9), followed by an appeal to the regional director of the Federal Bureau of Prisons (BP-10). Finally, if the prisoner has received no satisfaction, he may appeal to the office of the General Counsel (BP-11). Id. See also, 28 C.F.R. 542.10-542.15.

However, the plaintiff must exhaust his administrative remedies prior to filing his complaint. See, Jackson v. Dist. of Columbia, 254 F.3d 262, 268-69 (D.C.Cir.2001) (affirming rejection of the argument that §1997e(a) "permits suit to be filed so long as administrative remedies are exhausted before trial"); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir.1999) (dismissing "plaintiff's complaint because he filed his federal complaint before allowing the administrative

process to be completed. . .The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit.").

Further, the Second Circuit has held that "[a]llowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirement, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court. Moreover, . . . if during the pendency of a suit, the administrative process were to produce results benefitting plaintiff, the federal court will have wasted its resources adjudicating claims that could have been resolved within the prison grievance system at the outset." Neal v. Goord 267 F.3d 116, 123 (2d Cir. 2001).

In the instant case, the plaintiff stated he has not exhausted his administrative remedies. He also requests a 60 day extension apparently to exhaust his administrative remedies. According to the plaintiff staff at FCI-Gilmer are missing in action and delays occur in the administrative process. However, the fact remains the plaintiff is required to exhaust his administrative remedies before he files his complaint and if he is having difficulty receiving a response he should proceed to the next level of the process.

Consequently, based on the above-referenced case, the undersigned recommends that the plaintiff's motion for extension of time to exhaust his administrative remedies be denied and that the complaint be dismissed without prejudice for failure to exhaust his administrative remedies.

**4. Claim Pursuant to 18 U.S.C. §§ 241 and 242**

The plaintiff asserts he is bringing a claim under 18 U.S.C. §§241 and 242. These sections establish criminal liability for certain civil rights violations. However, these sections do not give rise to a civil cause of action. Moore v. Kamikawa, 940 F.Supp. 260 (D.Hawai'i 1995), aff'd 82 F.3d 423 (9th Cir. 1996); Figueroa v. Clark, 810 F.Supp. 613 (E.D. Pa. 1992).

8

### 5. Claim Pursuant to 42 U.S.C. §1985(3)

In order to state a claim under §1985(3), a plaintiff must allege and prove the following four elements: "(1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy." Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir.1995). Conclusory allegations of a conspiracy are insufficient to state a claim. Id. at 1377.

The plaintiff has only made a conclusory allegation that the defendants were involved in a conspiracy. Further, he has failed to state the defendants were motivated by a class-based discriminatory intent and he failed to state a claim that his constitutional rights were violated. Thus, the plaintiff has failed to state a claim under §1985. Accordingly, I recommend that the plaintiff's §1985 claim be dismissed.

### 6. Religious Freedom Restoration Act

"[The Religious Freedom Restoration Act ("RFRA")] prohibited federal and state governments from 'substantially burden[ing]' a person's exercise of religion, even as the result of a law of general applicability, unless the government could demonstrate that the burden '(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.'" City of Boerne v. Flores, 521 U.S. 507, 515-16 (1997)(quoting 42 U.S.C. §2000bb-1(a)-(b)).

Congress enacted RFRA in response to Employment Division, Department of Human

9

Resources v. Smith, 494 U.S. 872 (1990). In Smith, the Supreme Court held that the First Amendment is not violated by generally applicable rules that affect religious practices.

The Supreme Court eventually invalidated the RFRA as applied to states. City of Boerne v. Flores, 521 U.S. 507 (1997). However, it still applies to the federal government. Madison v. Riter, 355 F. 3d 310 (4th Cir. 2003). In response to City of Boerne, Congress enacted the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. 2000cc et. seq., which mirrored the provisions of RFRA, but the scope was limited to laws and regulations regarding land use and institutionalized persons. See 42 U.S.C. §20000cc-1(a); Id.

The PLRA's exhaustion requirement applies to claims brought under RFRA. See Jackson v. District of Columbia, 254 F. 3d 262 (D.D. C. 2001). Because the plaintiff has not exhausted his administrative remedies, his RFRA and RLUIPA claims should be dismissed.

### III. RECOMMENDATION

In consideration of the foregoing, the undersigned recommends that plaintiff's motion to amend be granted, his motion for extension of time be denied and that the plaintiff's complaint be dismissed without prejudice for failure to exhaust his administrative remedies. Further, to the extent the plaintiff is attempting to raise claims on behalf of other inmates, the complaint should be dismissed for lack of standing and lack of entitlement to represent a class..

Any party may file within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District

Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation/Opinion to the *pro se* plaintiff.

DATED: October 4, 2005

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE