IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RICHARD JEFFERSON,

    Plaintiff,

v.                                        Civil Action No. 1:05CV27
                                                  (STAMP)

UNITED STATES JUSTICE DEPARTMENT,
ALBERTO GONZALEZ, JOHN ASHCROFT,
MICHAEL CHERTOFF, GLENN FINE,
BUREAU OF PRISONS, HARLEY G. LAPPIN,
KIM WHYTE, FCI GILMER, KEVIN WENDT,
JIM HILL, MCLOUD, ARNOLD, BEASLEY,
KOWALCZYK, WEIDMAN, and UNKNOWN
SEGREGATION HOUSING UNIT OFFICERS,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

On February 4, 2005, pro se plaintiff, Richard Jefferson, filed a complaint against the defendants seeking monetary damages pursuant to Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The Court referred the motion to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B).

On March 15, 2005, the plaintiff filed a motion to amend and supplemental pleadings. On September 16, 2005, Magistrate Judge Kaull ordered the plaintiff to provide the court with proof that he has exhausted his administrative remedies. The plaintiff was further ordered to advise the Court of his status as a part of the "Class of Muslims," which he refers to in his complaint. On

September 28, 2005, the plaintiff filed a document referred to as a motion for an extension of time. Specifically, plaintiff requests a 60-day extension of time.

On October 4, 2005, the magistrate judge entered a report recommending that the plaintiff's motion to amend the complaint be granted and his motion for extension of time be denied. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. To date, the parties have filed no objections.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

In his complaint, plaintiff asserts that defendants have suppressed "certain pillows of Islamic Faith" by (1) forcing a religious service provider's doctrinal belief upon incarcerated

2

Muslims; (2) enforcing when, where, and how the Muslims class should pray; (3) denying the two holiday feasts specifically set for Muslims; (4) charging the Muslim class internet video fees for unconventional Jumu'ah prayer services; (5) enforcing upon the Muslim class the "themes and topics satisfied by defendant(s);" and (6) taking away Nobel Qur'ans and other books of guidance. (Compl. ¶ 13). The plaintiff also asserts that the defendants denied the Muslim class the Eid-al-Fitr (feast after Ramadan fast) and that the Muslim class was punished for praying. Specifically, plaintiff asserts that some of the Muslims were taken to 24-hour holding cells, threatened, intimidated, and placed in the Special Housing Unit. Further, the plaintiff asserts that the defendants have "tampered with legal mail, gaining an unjust sighting of incoming and outgoing legal mail, thereby, having heads-up to retaliate against prisoners." (Compl. at 4).

The plaintiff seeks a temporary restraining order and/or a preliminary injunction to: (1) release Islam prisoners who were placed in segregation because of their Faith; (2) restrain defendants from punishing prisoners based upon religious convictions because the religious acts are non-threatening towards the United States Government; (3) prevent the defendants from sanctioning witnesses in this action; and (4) prevent the defendants from seizing the prisoners or tampering with their legal mail. The plaintiff also seeks monetary damages.

## I. Motion to Amend

In his report, the magistrate judge found that the Court should, in its discretion, grant plaintiff's motion to amend. The magistrate judge correctly applied Federal Rule of Civil Procedure 15(a), which provides that "a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." In the absence of any apparent reason, such as undue delay, bad faith, repeated failure to cure deficiencies by previously allowed amendments, etc., the leave sought should be freely given. Foman v. Davis, 371 U.S. 178, 182 (1962). There is no apparent reason in this case to deny the plaintiff's motion. Further, the court has the discretion to either grant or deny the motion to amend. Id. at 182. The magistrate judge recommended that plaintiff's motion to amend be granted. Accordingly, this Court agrees with the magistrate judge's decision to grant plaintiff's motion to amend.

## II. Analysis

A. Standing

The magistrate judge concluded that the plaintiff does not have standing to assert the claims of the "Muslim class" of prisoners. See Hummer v. Dalton, 657 F.2d 621, 625-6 (4th Cir. 1981)(a prisoner's suit is for violations "of his own personal rights and not one by him as a knight-errant for all prisoners").

The plaintiff Jefferson cannot raise claims on behalf of other inmates. Thus, this Court agrees with the magistrate judge that the plaintiff has no standing to bring claims on behalf of another person.

B.   Class Action

The magistrate judge notes that a pro se litigant cannot represent a class. Oxendine v. Williams, 509 F.3d 1405 (4th Cir. 1975). Richard Jefferson is a pro se litigant. Thus, the plaintiff, Jefferson cannot represent the Muslim class. The magistrate judge correctly recommends that the plaintiff's request for class certification be denied.

C.   Exhaustion

The magistrate judge concluded that this Bivens action is subject to exhaustion of administrative remedies, as required by the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e. In his motion for an extension of time, the plaintiff has admitted that he has not exhausted his administrative remedies and is seeking an extension of time to do so. The magistrate judge found that the plaintiff must exhaust his administrative remedies prior to filing his complaint with this Court. See, e.g., Jackson v. Dist. of Columbia, 254 F.3d 262, 268-69 (D.C. Cir. 2001). Consequently, this Court agrees with the magistrate judge that the plaintiff's motion for an extension of time be denied and this case be dismissed without prejudice for refiling after the plaintiff has exhausted his administrative remedies.

###  III.  <u>Conclusion</u>

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety.  Accordingly, for the reasons stated above, plaintiff's motion to amend is hereby GRANTED and his motion for an extension of time is hereby DENIED.  It is further ORDERED that this civil action be DISMISSED WITHOUT PREJUDICE and STRICKEN from the active docket of this Court.

Moreover, under <u>Wright v. Collins</u>, 766 F.2d 841, 845 (4th Cir. 1985), the plaintiff's failure to object to the magistrate judge's proposed findings and recommendation bars the plaintiff from appealing the judgment of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the <u>pro se</u> plaintiff and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    December 21, 2005

/s/ Frederick P. Stamp, Jr.<br>
FREDERICK P. STAMP, JR.<br>
UNITED STATES DISTRICT JUDGE